STATE

v.

Steven RODGERS.

No. 81–109–C.A.

Supreme Court of Rhode Island.

July 2, 1982.

Reargument Denied July 29, 1982.

Dennis J. Roberts II, Atty. Gen., Anthony F. DelBonis, Sp. Asst. Atty. Gen., for plaintiff.

John Tramonti, Jr., Providence, for defendant.

## OPINION

MURRAY, Justice.

On October 26, 1979, the defendant, Steven Rodgers, was indicted on one count of robbery, in violation of G.L.1956 (1969 Reenactment) § 11–39–1. After a trial in the Superior Court, the jury returned a verdict of guilty, and the defendant is now before us on appeal from the judgment of conviction entered on that verdict.

On September 23, 1978, Ronald Boynes (Boynes), the attendant at a Dis Gas station in Woonsocket, was robbed by a masked gunman. At trial, Boynes testified that he had just prepared the bank deposit bag and the nightly gas report and was walking to the car of his friend Michael Fontaine (Fontaine). Before he reached the car, Boynes saw a pair of white sneakers in the bushes and became suspicious. Although Fontaine was not alarmed when told of what Boynes had just seen, Boynes decided to take the precaution of hiding the deposit bag beneath the car seat and locking the car be-

fore walking to the nearby mailbox to mail his report. Fontaine, meanwhile, returned to the gas station office.

When Boynes had placed his report in the mailbox, a man carrying a gun and wearing a ski mask, jumped from the bushes and warned Boynes not to move. The gunman then brought Fontaine out of the office and demanded the money. Boynes opened the car and gave the deposit bag to the man. Boynes and Fontaine were then told to get into the car and lock the doors. The assailant took the car keys and then fled. Fontaine reported the robbery quickly and within minutes several officers from the Woonsocket police department arrived. The gunman was not apprehended, however.

Acting on a statement from an informant, an arrest warrant was issued for defendant, and, on August 14, 1979, defendant was arrested during the course of a police raid unrelated to this case. The defendant was then taken to the Woonsocket police station where, at approximately 11:35 p. m. that night, he was advised of his constitutional rights. The defendant signed a form waiving his rights and gave the police a statement in which he admitted having participated in the September 23, 1978 robbery. The defendant's confession, which he later repudiated, contains a different account of the incident from that given by Boynes. The statement related that three men had participated in the robbery, one of whom drove defendant and another man, both wearing masks, to the gas station and left them there. In the statement, defendant claimed it was the other individual who actually took the money.

Prior to trial, defendant moved to suppress the confession, alleging that he had not freely and knowingly waived his rights. This motion was denied, and after a jury trial in the Superior Court, defendant was found guilty of the charge against him.

In his first claim of error,[1] defendant contends that his confession should not have been admitted into evidence because it was not the result of a knowing and voluntary waiver of his rights. The defendant asserts that after his arrest he became extremely distressed by the thought of confinement. During the hearing on the motion to suppress the confession, defendant and his mother testified that he was uncomfortable in small spaces. The defendant insists that he signed the waiver-of-rights form and gave the statement only because he was frightened and because the police had promised him that his cooperation would increase his chance of being released on bail.

The defendant concedes that he was advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 467–73, 86 S.Ct. 1602, 1624–27, 16 L.Ed.2d 694, 720–23 (1966), but contests the trial justice's finding that the waiver, and thus the confession, was voluntary.

In considering this claim, we are guided by the well-established rule that the state must establish by clear and convincing evidence that the confession was the result of a defendant's free and rational choice. *See Miranda v. Arizona*, 384 U.S. at 475, 86 S.Ct. at 1628, 16 L.Ed.2d at 724; *State v. Fuentes*, R.I., 433 A.2d 184, 189 (1981); *State v. Amado*, R.I., 424 A.2d 1057, 1061 (1981). The voluntariness of a confession is a question of fact to be decided by the trial justice after an examination of the totality of the circumstances. *State v. Fuentes*, R.I., 433 A.2d at 189–90; *State v. Killay*, R.I., 430 A.2d 418, 422 (1981). In particular, the court should examine the conduct and statements of both defendant and interrogator. *State v. Fuentes*, R.I., 433 A.2d at 189; *State v. Amado*, R.I., 424 A.2d at 1062. This determination will only be reversed if the decision of the trial justice was clearly erroneous. *State v. Killay*, R.I., 430 A.2d at 421.

After the hearing on defendant's motion to suppress the confession, the trial justice found that defendant had knowingly and voluntarily waived his *Miranda* rights. He further found that the confession itself

1. The defendant retained new counsel to represent him on appeal.

was not the result of coercion or promises on the part of the police. In making this finding, the trial justice specifically addressed himself to defendant's claim that he had been lured into confessing by the promise of release on bail:

"I am satisfied from the testimony of Sergeant Lavallee and Commander Pard and the defendant himself that there were no threats or promises involved in the waiver of his *Miranda* rights or the making of the statement. I do not believe the defendant when he said that he made a false statement because Sergeant Lavallee promised him that he would recommend that bail be set in the District Court."

The trial justice also noted that "[t]he circumstances surrounding this interrogation indicate to the court that it was carried out with more sympathy and consideration to the defendant than is usually apparent in such transactions."

The record clearly indicates that the trial justice properly performed his duty in ruling on defendant's motion to suppress the confession. His finding that the waiver and confession were voluntary was not clearly erroneous and shall be sustained by this court.

■ The next issue raised concerns the trial justice's denial of defendant's motion for a judgment of acquittal. In challenging this ruling defendant claims that no rational trier of fact could be convinced beyond a reasonable doubt that defendant was guilty as charged. We do not agree.

A motion for a judgment of acquittal will be granted only if the evidence supporting the state's position, when viewed in the light most favorable to the prosecution, is insufficient to establish a defendant's guilt beyond a reasonable doubt. *State v. Castore*, R.I., 435 A.2d 321, 324 (1981); *State v. Sabitoni*, R.I., 434 A.2d 1339, 1342 (1981). All inferences consistent with guilt will be drawn from the evidence, but the credibility of witnesses or the weight of the evidence are not to be considered.

■ At the hearing on the defendant's motion, the trial justice reviewed the evidence in accordance with this standard, and our examination of the record clearly demonstrates that there was ample evidence to support his denial of the motion.[2]

The defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the case is remanded to the Superior Court.

---

**2.** We also reject defendant's argument that his motion should have been granted because of the state's failure to establish corpus delicti. The defendant is correct in observing that a confession is not admissible absent independent proof of corpus delicti. However, equating proof of corpus delicti with proof that defendant was the individual who committed the robbery is not correct. In *State v. Halstead*, R.I., 414 A.2d 1138, 1143 (1980), this court noted the two elements of corpus delicti which the state must prove beyond a reasonable doubt: "a penally proscribed act or injury and the unlawfulness of some person in causing the injury." These two elements were clearly present in this case.